Troxel v. Clarke.

1. CONFESSION OF JUDGMENT: APPEAL.  An appeal lies from a judgment by confession.

2. SAME: USURY: ESTOPPEL.  Where the defendant has confessed judgment in the mode prescribed by chapter 107 of the Code of 1851, for the full amount of principal and interest contracted to be paid on a note which was usurious on its face, it was held that he was estopped by his confession from going behind the judgment to purge it of illegal interest.

*Appeal from Johnson District Court.*

MONDAY, JUNE 27.

This was a judgment by confession under chapter 107 of the Code, made on the 15th of April, 1858, for the sum of $1,608,75, upon a note of the following purport :  "Six months after date, for value received, we jointly and severally promise to pay to Joshua Troxel or order, eleven hundred and twenty-five dollars ; and unless paid at maturity, as a penalty for such default, we, and each of us, agree to pay thereafter to said Troxel, interest on the above amount, at the rate of two and one half per cent per month.  Dated Iowa City, October 16th, 1856.  John Clark, E. W. Lucas."  The confession is by Clark alone, who appeals.

*John Clark, pro se.*

*Edmonds & Ransom*, and *S. H. Brown*, for the appellee.

WOODWARD, J.—The appellant puts the question,— Is such a judgment legal and valid, and, can it be inquired into by this court?  That an appeal lies from a judgment by confession, has been determined by this court.

The defendant then contends, that the judgment is erroneous in respect to the amount, as being in contravention of the act of the 20th of January, 1853.  Stat. 1853, ch. 37, 67.  No exception is taken to the manner or form of the proceeding.  This is in conformity with the Code, (chap. 107,) a statement being filed, signed by the defendant, and verified by his oath, showing the facts from which the in-

debtedness arose, and that the sum confessed was due.   We do not, however, pass upon the sufficiency or correctness of the record in another respect.   This was a judgment by confession, in vacation, and it purports to be rendered by the clerk, and not by the court; and it is not shown that the record was afterward signed by the judge.   No question is made upon these matters, and therefore we pass them.

The object of the parties is to have an adjudication of the main question on the note, or on the confession of judgment for the amount stated.   And we are of the opinion that, having confessed that so much is due, the defendant cannot now go behind that.   If the two and a half per cent is penalty, and subject to liquidation by proof of the damages, then the confession takes the place of the proof.   The law will prevent the recovery of usurious interest on a *contrac* but when it becomes a *judgment*, the case is changed.   *Gower & Holt* v. *Carter & Shattuck*, 3 Iowa, 245.

Judgment affirmed.