### FERRIER v. SCOTT'S ADMINISTRATORS AND HEIRS.

*Appeal from Polk District Court — Tuesday, October* 15.

USURY.

THE facts were stated and the opinion of the court announced by —

LOWE, J. — The foreclosure of a mortgage, given to secure the payment of a note of $121.48, dated the 30th of November, 1858, and payable on or before the 8th day of October, 1859. The defense set up was, that the note and mortgage sued were wholly usurious and void; sustained, and judgment against plaintiff for costs. In appealing, the plaintiff insists that a contract entered into for the purpose, and under the circumstances stated in the evidence, cannot in law be held to be usurious.

One of the counsel who makes this argument, was the only witness who gave testimony, and he testified that the consideration of said note and mortgage was as follows: "Ferrier held a note on W. A. Scott, with D. B. Spaulding as surety, for $590.29, dated October 8th, 1857, due four months after date, and to be on interest at ten per cent per annum, after its maturity; and Scott wanted further time on said large note. I, acting as agent for Ferrier, agreed with him to give him further time until the 8th of October, 1859, if he would pay for said extension the sum of $121.48, in addition to the ten per cent embraced in the large note, and accordingly, the note and mortgage now sued on, were given in consideration of said extension of time, and for no other consideration. I am agent for Ferrier, and still hold the first named note for $590.29, and claim the same against Scott's estate and Spaulding, with ten per cent interest from maturity," &c.

This testimony is explicit, and there is no mistaking the character of the contract. In consideration that the payee of the large note, would extend the time of the payment thereof ten months and eight days, the maker would pay the sum of $121.48, in addition to the ten per cent which the first note was then drawing. This is a very plain violation of the interest law; if not, the door for its evasion would be opened so wide that its provisions would be a farce.

The judgment below should be

Affirmed.

*Williamson & St. John* for the appellants — *M. D. & W. H. McHenry* for the appellee.