MULLEN ET AL. v. RUSSELL ET AL.

1. **Usury**: CONFESSION OF JUDGMENT. A confession of judgment, made for the purpose of aiding in the violation of the usury law, will be regarded, as between the parties to the usurious contract, void as to the amount in excess of the sum the judgment creditor may lawfully recover.

*Appeal from Buchanan District Court.*

SATURDAY, JUNE 16.

In chancery. The petition alleges that plaintiff borrowed of defendant, Russell, $500; that at the time of the loan plaintiff confessed a judgment to this creditor for the sum of

$750, payable in installments, and that the contract was usurious and the confession of the judgment was a device to aid defendant in evading the statute against usury. They allege that they believed at the time the judgment was confessed that it was in the amount of $500; that such belief was based upon what was said and read to them at the time, but they do not aver any fraudulent or false representations or statements on the part of defendant or his agent. The petition shows certain payments made on the judgment, exceeding the amount, however, of plaintiff's former debts. An offer to confess a judgment in favor of the State, for the benefit of the school fund, for the amount of the penalty recoverable under the law, is made in the petition.

The petition shows that an execution has been issued on the judgment, and is about to be enforced, and the sheriff holding it is made a defendant.

The relief asked is, that the judgment be set aside and declared void.

A demurrer to the petition, on the ground that it presents no cause for the relief asked, was sustained. From this decision the plaintiffs appeal.

*Bruckart & Ney* and *E. M. Carr*, for appellant.

*Lake & Harmon*, for appellee.

BECK, J.—Usury taints a contract, whatever form it may be made to assume, and the courts will refuse to enforce it

1. USURY: confession of judgment.

when the infirmity is properly pleaded. The statute in terms forbids the receipt by the creditor of usurious interest. The law cannot be violated by devices intended to conceal the true nature of the contract and the intention of the parties. The petition alleges that the confession of judgment in this case was made for the purpose of avoiding the statute; that it was adopted as a device whereby the law would be brought to the aid of the usurer to enforce the contract. This the law will not permit. Judg-

ments are not of such solemnity that they will not be set aside when they owe their existence to an intention to violate the law—when they become instruments to defeat the very purpose of statutes. We are, therefore, of the opinion that the confession of judgment, being entered with the purpose of aiding in the violation of the usury law, must be regarded, as between the parties to the usurious contract, void so far as the amount in excess of the sum the plaintiff may lawfully recover is concerned.

This conclusion is not in conflict with *Twogood & Elliott v. Pence*, 22 Iowa, 543, and *Troxel v. Clarke*, 9 Iowa, 201. In these cases it was held that confessions of judgment upon usurious contracts are valid. But the judgments were not taken as devices to cover the usury—were not intended as instruments to defeat the law. They were properly held valid. The distinctions between these decisions and the case before us are obvious.

The petition shows that plaintiff paid a sum greater than the principal of the indebtedness. Defendant can under the law receive no more. Code, Sec. 2080. Plaintiffs are required to pay or tender him no further sum in order to obtain the relief prayed for in the petition.

In our opinion the demurrer was erroneously sustained.

REVERSED.