## KENDIG v. LINN AND HANSON.

1. **Usury**: EXTENSION OF TIME OF LOAN: SURETY. The extension of time of payment of a loan is a loan of money within the meaning of the statute, and where the sureties upon a note executed a new note for the consideration of the extension of time upon the original undertaking, the transaction was held to be usurious.

*Appeal from Madison District Court.*

FRIDAY, OCTOBER 19.

ACTION upon a promissory note. The defendants admit the execution of the note, but aver that the same is usurious. Other facts are stated in the opinion. Judgment for plaintiff. Defendants appeal.

*McCaughan & Dabney*, for appellants.

*T. C. Gilpin*, for appellee.

ADAMS, J.—Prior to the execution of the note sued on, the defendants and one Noakes had executed their note to one Harris for $250, with ten per cent interest, which note had been assigned to the plaintiff. This note was joint and several, though, in fact, as between the makers, Noakes was principal, and the defendants, Linn and Hanson, were sureties. About the time the note became due, Noakes, being then absent from the State, and wishing to procure an extension of the note for another year, wrote to the defendants, asking them to call upon the plaintiff and procure such extension. This they did, but were able to procure the extension only by giving their note for forty dollars, which is the note now in suit.

*1. USURY: extension of time of loan: surety.*

The statute provides that no person shall, directly or indirectly, receive more than ten per cent interest per annum "for the loan of money." The first question which presents itself is whether an extension of a loan is a "loan of money" within the meaning of the statute. The object of the statute is to prevent the person who has occasion to loan money from taking advantage of the person who has occasion to borrow. Now it is evident that where the borrower needs extension, and the lender takes advantage of the necessitous circumstances of the borrower to demand and receive from him interest at a rate greater than ten per cent per annum, the very evil is perpetrated which the statute was designed to prevent. Such being the fact, it seems to us that the essential idea of a loan of money is included in the extension of a loan as well as in the original transaction. *Ferrier v. Scott's Adm'rs*, 17 Iowa, 578; *Carlis v. Laughlin*, 1 Chipman (Vt.), 3.

It is urged, however, by the plaintiff, that the extension of the former note did not constitute the sole consideration of the note in suit. It is said that by such extension the plaintiff incurred the risk incident thereto, and that the incurring of such risk should be regarded as a part of the consideration of the new note. But risk is necessarily involved in every loan of money, and the risk in an extension does not differ in kind from the risk originally incurred. It may or may not differ

in degree, but the character of the note as usurious or otherwise cannot depend upon such fact.

It is further contended by the plaintiff that the note in suit cannot be regarded as usurious, because the extension of the original note was procured only by the sureties to that note. But the essential fact is that it was procured by persons who were liable upon that note for all the interest which could by law be collected of them for the loan of the money for which the note was given. That a contract entered into by sureties to obtain an extension may be usurious was held in *Morton & Humphreys v. Legrand*, 3 Little (Ky.), 327, and *Gray v. Belden*, 3 Florida, 110.

The plaintiff cites and relies upon *Carmichael v. Bodfish*, 32 Iowa, 418. In that case it was held that judgment creditors who were made defendants in a foreclosure suit as junior incumbrancers could not be permitted to plead that the mortgage was usurious, for the purpose of reducing the amount.

But the ruling was based upon the ground that the judgment creditors were not parties to the usurious contract. We know of no case where it has been held that a surety upon a usurious contract cannot avail himself of the plea of usury.

REVERSED.