Ohm v. Dickerman.

50   671
79    14

OHM v. DICKERMAN.

1. Usury: CONFESSION OF JUDGMENT.   A confession of judgment, in consideration of the extension of a note, made to evade the law against usury, will be regarded as invalid.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, APRIL 25.

ACTION in equity to set aside a confession of judgment. The plaintiff avers that it was obtained by fraud, and given

for a consideration that was wholly usurious, and also avers payment. The plaintiff was indebted to the defendant upon a promissory note for one thousand dollars, bearing ten per cent interest. At the time the note became due the plaintiff applied for and obtained an extension for one year under an agreement that the plaintiff should pay fourteen per cent interest for such extension. For such interest he paid twenty dollars down, and confessed judgment for one hundred and twenty dollars, which is the confession of judgment in question. The plaintiff avers that he has paid the note of one thousand dollars, and the agreed fourteen per cent interest for the extension, and claims that the confession of judgment should be cancelled, not only because it was fraudulently obtained, but because the full amount according to his agreement has been paid.

The defendant denies that the plaintiff has paid any part of the fourteen per cent interest except the twenty dollars, and claims that the amount embraced in the judgment is still due. There was a judgment for defendant. Plaintiff appeals.

*L. Bullis*, for appellant.

*Brown & Wellington*, for appellee.

ADAMS, J.—The case is not triable *de novo*, and the defendant claims that there is a conflict of evidence on all the material points, and that the judgment must, therefore, be affirmed. Upon the issue of fraud there is a conflict of evidence, but not, we think, on the issue of payment. The balance of the fourteen per cent interest represented in the confession of judgment became due February 1, 1872. The plaintiff testifies positively to the payment of it, and in this he is somewhat corroborated by another witness, who testifies to seeing the plaintiff pay the defendant one hundred and twenty dollars on the 1st of February, but the testimony is deficient in not giving the year. The testimony of the defendant was not taken, nor is the

<span>1. USURY: confession of judgment.</span>

testimony of the plaintiff and his corroborating witness contradicted in any way, so far as we have been able to discover. The amount paid when the note was taken up was one thousand and seventeen dollars and fifty cents.

The appellee argues from this that the one hundred and twenty dollars could not have been paid, but the note was not taken up until the 4th of April, 1872. It is evident that the interest then paid was the interest which accrued after the extension expired. The one hundred and twenty dollars in question was, we think, paid the 1st of February of that year, and when the same became due. It follows that the judgment has been paid, with the exception of the interest which it bore; but that interest is, we think, not collectible. It is true it is a part of the judgment, but the judgment is invalid, we think, to that extent, and even more. It was confessed at the time the extension was given, and without any apparent reason for it, except to evade the law against usury, and we are satisfied that such was the design. It must, therefore, be regarded as invalid, so far as it was made to cover interest in excess of that which was legal. *Mullen v. Russell*, 46 Iowa, 386. All legal interest having been paid, the judgment should be cancelled.

REVERSED.