## KENDIG v. MARBLE.

1. **Usury:** JUDGMENT: PLEADING. An answer which alleged, as a defense to an action based upon a judgment by confession, that such judgment was a fraudulent device to evade the statute against usury was held, on demurrer, to set up a sufficient defense, although it appeared that the judgment was obtained some four years after the execution of the contract whereby it was claimed the usurious interest was reserved. ADAMS, CH. J., *dissenting*.

*Appeal from Grundy Circuit Court.*

FRIDAY, DECEMBER 17.

ACTION to foreclose a mortgage. There was a decree granting the relief prayed for in the petition. Defendant appeals.

*E. H. Eastman* and *Fred Gilman*, for appellant.

*Hemenway & Polk* and *E. P. Barker*, for appellee.

BECK, J.—I. The petition asks the foreclosure of a mortgage, which, with the note secured thereby, is set out as an exhibit. The plaintiff is the assignee of the mortgage. The

petition shows that defendant executed in writing a confession of judgment which was filed in the same court in which this action is prosecuted, and before this suit was commenced the clerk entered a judgment thereon.  It appears that the judgment does not foreclose the mortgage.  The petition asks that the judgment may be declared to be a lien upon the land described in the mortgage from the date thereof.

The answer of defendant alleges, among other defenses, that the note and mortgage are usurious, providing for the payment of unlawful interest, and that the confession of the judgment was a fraudulent device adopted to enable the plaintiff to evade the statute against usury, and that plaintiff was induced to sign it through the fraudulent representations of plaintiff.  The paragraphs of the answer containing these allegations and others were assailed by a demurrer, which was sustained by the court.

II.  The court erred, we think, in sustaining the demurrer.  The law will permit no device to cover and protect a usurious contract.  If a judgment by confession, or otherwise, be a part of such device intended to prevent the disclosure of the real character of the contract, it will not bind the parties.  If the law were otherwise the usurer could with little trouble defeat the statute by taking *cognovits*, or warrants of attorney, upon all his contracts and thereon cause judgments to be entered.  The usual ingenuity exhibited in evading statutes against usury would discover forms of proceedings under which this could be done in all cases.

Counsel insist the allegation that the confession of judgment was a device to evade the statute is the averment of a conclusion of law and not of fact.  But if such an objection to the pleading exists it ought to have been assailed by a motion for a more specific statement.  If it was sufficiently explicit to enable plaintiff to demur to it there can be no doubt that it was fully understood and disclosed the defense

intended to be made. This was all that could have been required upon the consideration of the demurrer.

It may be conceded that ordinarily a judgment cannot be assailed on the ground that it is for usury, but if it be a part of a device for evading the statute against usury, or was procured through fraud, it may be defeated by showing the true character of the transaction. The answer assails the judgment by confession upon these grounds, and the demurrer thereto ought not to have been sustained.

The confession of judgment was made after the note and mortgage were executed. In our opinion it matters not at what time it was made so that it be a device or a part of a plan for evading the statute. The devices which the law will defeat are not alone those that are contemporaneous with the usurious contract. They will be set aside without regard to the time when they were devised and perfected.

Other questions discussed by counsel need not be determined, as the judgment, for the error pointed out, must be

REVERSED.

ADAMS, CH. J., *dissenting*.—The paragraph of the answer which the majority holds constitutes a sufficient defense is in these words: " That the confession of judgment was adopted as a fraudulent device and is such to aid the plaintiff in evading the statute against usury, plaintiff well knowing that the contracts were usurious. · That this defendant believed at the time of the execution of the same it was only for the amount due, without usury, as before stated."

In *National Bank of Michigan v. Green*, 33 Iowa, 140, it was held that each count of a pleading must be sufficient in itself for the purpose for which it is pleaded, that otherwise it is vulnerable to a demurrer. The count above set out contains no averment that the contract upon which judgment was confessed was usurious. It assumes that it was, and avers that the confession of judgment was a device to aid the plaintiff in evading the statute against usury.

Kendig v. Marble.

Possibly the paragraph set out was not intended as a count, but something to be taken in aid of averments contained in the answer elsewhere. Now it may be conceded that a court of equity will relieve against a judgment if rendered upon a usurious contract and under such circumstances as to justify the court in believing that the lender was allowed to take judgment as a part of the contract by which the usurious loan was made. This was held in *Mullen v. Russell*, 46 Iowa, 386. In the case at bar nearly four years intervened between the time of the loan and the time the confession of judgment was taken, and when it was taken it was not taken in pursuance of any agreement made at the time of the loan nor with any understanding that usurious interest was included in it. It will be seen at once that the principle involved is entirely different from that involved in *Mullen v. Russell*. The defendant had his day in court, and that, too, long after the money was borrowed, and when he was free in every respect to set up the plea of usury if he had seen fit to do so. A borrower, it is true, may be allowed to go behind a judgment where it includes usurious interest, though not rendered at the time the loan was made nor in pursuance of the contract by which it was made. There may be a usurious contract for the extension of a loan (*Kendig v. Linn*, 47 Iowa, 62), and if a judgment including usurious interest is taken at the time of the agreement for the extension, and is a part of the same transaction, a court will relieve against the judgment (*Ohm v. Dickerman*, 50 Iowa, 671). But the case at bar is not such case. It is true it is averred that the confession of judgment was a fraudulent device, etc. But it is not averred that the judgment was obtained by fraud. Fraud in obtaining a judgment will vitiate it independent of any question of usury. The fair meaning of the answer is that the contract upon which judgment was confessed was usurious, and that the plaintiff ought not to be concluded by the judgment because it is a device, etc. Now the sufficiency of the answer depends upon the meaning with which the word

device was used. It is abundantly evident that it is not meant that the judgment was taken in pursuance of a contract so intimately connected with the contract for usury that the two must be deemed parts of one transaction. The meaning is that the plaintiff took a judgment upon a usurious contract knowing that the judgment included usurious interest, while the defendant was ignorant of it, and that the plaintiff had a design to thereby conclude the defendant. This, I think, is no ground for relief. The defendant might have known what was embraced in the plaintiff's claim if he had examined it; and as to the plaintiff's design, it does not appear that he designed anything more than the advantage which the law attaches to a judgment in any case where it includes usurious interest.

In my opinion the demurrer was properly sustained.