AT

## DES MOINES, JANUARY TERM, A. D. 1890.

IN THE FORTY-FOURTH YEAR OF THE STATE.

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
HON. JOSEPH M. BECK,
HON. GIFFORD S. ROBINSON,        JUSTICES.
HON. CHARLES T. GRANGER,
HON. JOSIAH GIVEN,

## STODDARD v. LLOYD *et al.*

Usury: IN JUDGMENTS CONFESSED: NEW NOTES: DEFENSE. Defendants, in actions brought against them, after filing answers, consented to judgments against them on certain notes. Afterwards new notes were given for the amount of the judgments. *Held* that, if the judgments were rendered upon usurious notes, and were confessed merely as a means of evading the law against usury, the defense of usury might be set up against the new notes, but that the makers of the notes would have the burden to prove that the judgments were of that character, and that in this case (see opinion for evidence) they failed to establish that fact. (See opinion for citations.)

(11)

Stoddard v. Lloyd.

*Appeal from Montgomery District Court.*—Hon. H. E. Deemer, Judge.

Filed, January 21, 1890.

Action to recover amounts alleged to be due on three promissory notes made by T. M. Lloyd, and for the foreclosure of a mortgage given to secure their payment. There was a trial on the merits, and a decree for plaintiff. Defendants T. M. Lloyd and Martha Lloyd appeal.

*C. E. Richards* and *S. McPherson*, for appellants.

*W. S. Strawn*, for appellee.

Robinson, J.—The notes in suit were given on the twenty-fifth day of April, 1884, for an aggregate of six hundred and ninety-two dollars, and provide for the payment of interest annually at the rate of ten per cent. per annum. Appellants claim that the notes are usurious, in that they were given to settle certain judgments which were tainted with usury, and which were rendered corruptly, in furtherance of a usurious contract between the maker of the notes and plaintiff. Appellants also claim that the original consideration for the notes in suit consisted of two loans, made in the year 1880, one of which was made in January for one hundred and fifty dollars, and one in June for one hundred dollars; that notes were given for said loans, which were made payable ninety days after date, and provided for the payment of interest at the rate of twenty-five per cent. per annum; that said loans were renewed from time to time by the giving of new notes, which were so drawn as to provide for the payment of interest at the aforesaid rate; that the judgments for which the notes in suit were given were rendered collusively, for the purpose of cutting off the defense of usury; and that about the first of March, 1884, T. M. Lloyd paid to plaintiff the sum of

Stoddard v. Lloyd.

$520.55, or the amount of the original consideration of the notes, and $270.55 in addition. The district court found that the notes upon which the judgments were rendered were usurious, and that but a part of the face of such notes was for money actually loaned and not repaid, but that the judgments were regular, and procured without fraudulent device, and that they are conclusive against the plea of usury interposed in this action. A decree was rendered against T. M. Lloyd, and in favor of plaintiff, for $980.26, and for attorney's fees and costs, and for the foreclosure of the mortgage.

I. Appellee objects to a consideration of this case on its merits, on the ground that appellants failed to serve certain co-defendants with notice of appeal. The record submitted to us shows that all defendants who do not unite in the appeal were duly served with notice of it, and the objection is therefore not well founded.

II. The evidence in the case is in many respects conflicting and unsatisfactory, but it is clearly shown that the judgments in question were rendered on usurious notes. We are satisfied, however, that appellants' claim in regard to the sums of money received by T. M. Lloyd of plaintiff, the rate of interest, and the payments made by him are unreliable. How much usury was involved we are not required to determine. The judgments were three in number, and were rendered in a justice's court. The actions were brought in the court of a justice of the peace named Alexander. T. M. Lloyd, and two others who were sureties on the notes upon which the actions were brought, appeared and obtained a change of forum in each case to the court of another justice, named French. The defendants filed an answer in each case. Afterwards, and on the same day, Lloyd consented that judgment should be rendered against him in each case for the amount of the note in suit, and judgments were rendered against him according to his offer on the same day, to-wit, April 22, 1884. The cases were continued as to the other defendants, and the judgments against Lloyd were afterwards satisfied as of the date of

the notes set out in the petition in this action. Appellants claim that after the actions in a justice's court were brought, and while they were pending in Justice FRENCH's court, plaintiff approached T. M. Lloyd, and urged a settlement by the giving of new notes with security; that Lloyd was desirous of releasing his sureties from further responsibility, and finally consented to give the notes and mortgage in suit; that when Lloyd asked to have his sureties released plaintiff informed him that he would have to confess judgment in the actions then pending ; that Lloyd consented, but reserved his right to the defense of usury, and so stated, in effect, to the justice when he offered to permit the judgments to be taken. If, as is claimed by appellants, the judgments were confessed merely as a means of evading the law against usury, appellants would be entitled to defend on the ground of usury in the notes on which the judgments were rendered. *Kendig v. Marble*, 55 Iowa, 386; *Ohm v. Dickerman*, 50 Iowa, 671; *Kendig v. Linn*, 47 Iowa, 62; *Mullen v. Russell*, 46 Iowa, 386. But the burden of proving that the judgments are of the character claimed by appellants is upon them. As to that, their case rests chiefly upon the testimony of T. M. Lloyd, and he is contradicted on all material points by appellee, whose testimony is corroborated in part by that of other witnesses. Appellee had brought suits against Lloyd and his sureties on three notes. They were not in court voluntarily. Appellee testifies that there was no agreement for an extension of time in consideration of the defenses being withdrawn in the actions then pending, but that Lloyd professed to desire the release of his sureties, and wished for a further loan of money; that he refused to make any arrangement while the suits were being contested, and that Lloyd then had the judgments entered against himself; that after the judgments were rendered Lloyd returned to appellee, and stated that he wished to make some arrangement in regard to them, and would give security, and that the notes and mortgage in suit were given, and a further loan of money made. Appellee's claim is at least as well supported by the evidence

as is that of appellants, and the latter must therefore fail. *Twogood v. Pence,* 22 Iowa, 543; *Miller v. Clarke,* 37 Iowa, 325; *Kendig v. Marble,* 58 Iowa, 532; *Troxel v. Clark,* 9 Iowa, 201.

III.  Questions are raised as to the sufficiency of certain certificates of the trial judge to identify the evidence and make it of record, but in view of the conclusions we have reached, based on the record as it is claimed to be by appellants, we do not find it necessary to determine them.

The decree of the district court is

AFFIRMED.