## AMERICAN MORTGAGE CORPORATION et al. v. DUNNAM.

### No. 4008.

Court of Civil Appeals of Texas. Amarillo.
April 19, 1933.

Rehearing Denied May 17, 1933.

Joiner & Cook, of Plainview, for appellants.

M. J. Baird and L. D. Griffin, both of Plainview, for appellee.

JACKSON, Justice.

This suit was instituted in the county court of Hale county by J. A. Dunnam against H. H. Barnard and two corporations, the American Motors Finance Company and the American Mortgage Corporation, to recover double the amount of the alleged usurious interest, $275.02, paid by plaintiff to the defendants.

The plaintiff alleged: That the American Motors Finance Company was a parent corporation with a capital stock of $150,000. That the American Mortgage Corporation was a dummy corporation with a capital stock of $1,000, through which the business was transacted and that H. H. Barnard was at all the times alleged the agent of said corporations. That the defendants were engaged in a conspiracy and fraudulent scheme to loan money and charge for the use thereof more than 10 per cent. per annum on the amount of the loan. That as a part of such fraudulent scheme, customers, and especially, the plaintiff, were required, in order to secure a loan, to make a written application, give a note and mortgage therefor, and execute a subscription contract for the purchase of bonds of the American Motors Finance Company upon the terms and conditions set out in the instruments, which were in triplicate and were signed by plaintiff in blank before they were written out in full.

That pursuant to such fraudulent scheme, on May 5, 1929, the defendants loaned plaintiff the sum of $222.47, for which he executed his note, secured by a mortgage, for $271.-30, payable to H. H. Barnard in ten monthly installments of $27.13 each, with interest after maturity at 10 per cent. per annum. That on March 26, 1930, the defendants loaned plaintiff $81.39 for which he executed his note, secured by a mortgage, for $127.50, payable to H. H. Barnard in six installments of $21.25 each, with interest at the rate of 10 per cent. per annum after maturity. That on October 16, 1930, the defendants loaned plaintiff $195, for which he executed his note, secured by a mortgage for $237.40, payable to H. H. Barnard in ten monthly installments of $23.74 each, with interest from maturity at the rate of 10 per cent. per annum.

That plaintiff paid each of said loans and on the first transaction the defendants charged and collected as interest $48.66; on the second $46.11; and on the third $42.74. That the notes each provided upon the default in the payment of any installment of principal or interest, the note should forthwith become due and payable and plaintiff received no

consideration for either of said notes except the amount advanced him in cash.

The defendants answered by general demurrer and general denial.

In response to special issues submitted by the court, the jury found, in effect, that the defendants charged more than 10 per cent. interest per annum on each of the loans made by them to plaintiff.

On these findings judgment was rendered for the plaintiff against the defendants, jointly and severally, for the sum of $274.34, with interest and costs, from which judgment this appeal is prosecuted.

We deem it unnecessary to discuss separately each of the assignments of error urged by the appellants.

The record discloses that the last transaction was evidenced by a promissory note, dated October 16, 1930, executed by appellee for the sum of $237.40 and payable to the order of H. H. Barnard in ten monthly installments of $23.74 each. The note provides for interest after maturity at the rate of 10 per cent. per annum and that upon default in the payment of any installment of principal or interest, the note shall forthwith become due and payable. The mortgage covering a certain automobile, securing the payment of the note, among other things provides:

"I understand and agree to the plan of buying gold bonds of the American Motors Finance Co. of Dallas, Texas, the same having been fully explained to me, and I hereby authorize you to withhold from the proceeds of my note the initial payment on bonds I am purchasing.

"I understand that the interest on this note is calculated on the basis of 8% per annum only and to maturity on each installment."

The mortgage empowers H. H. Barnard to act as the agent of appellee in selling the note and provides that the holder may carry insurance on the automobile.

The subscription contract contains, among other things, the following:

"I hereby subscribe and agree to pay for, subject to the conditions hereinafter named, $400.00 of 8% ten year gold bonds of American Motors Finance Co. of Dallas, Texas, at par and accrued interest, which amount represents the total purchase price.

"The initial payment of $35.00 on said total purchase price has been included in a certain note, bearing even date herewith, executed by the undersigned purchaser and payable to or assigned to American Mortgage Corporation of Dallas, Texas, which corporation is hereby authorized to deduct from the proceeds of said note the amount of the initial payment and to deliver same to American Motors Finance Co."

The subscription contract provides that the balance of the purchase price of the bonds shall be paid in cash or settled by note, the payment of which is secured only by the bonds; that the bonds are not to be issued until paid for, but shall bear interest from the date of the issuance at 8 per cent. per annum. That if the bond is not paid for as provided, the American Motors Finance Company shall not be obligated to deliver the bond and at its option may return the initial payment thereon or offer other securities of like value or retain the initial payment as liquidated damages for withholding from the market said bonds, and when either of the three options is exercised, that the subscription contract will be considered discharged without further liability to either of the corporations or the appellee.

The notes, chattel mortgages, and bond subscription contracts on the two other transactions are identical with the one above set out, except as to amounts, dates, the bonds purchased, and the property covered by the mortgage.

That the American Motors Finance Company was a corporation with a capital stock of $150,000, the American Mortgage Corporation had a capital stock of $1,000, and that H. H. Barnard was the agent representing the corporations in the transactions had with appellee.

The petition was not subject to a general demurrer and the appellants were not entitled to a directed verdict in their behalf.

The instruments, note, mortgage, application, and subscription contract, evidencing each of the loans, construed together, do not disclose on their face a usurious contract. This the appellee concedes in his brief.

■ "The rule seems to be that where, as in this case, the contract on its face provides for the payment of no more than legal interest, the burden is on the party pleading usury to show that there existed some agreement, device, or subterfuge to charge usury, and that both parties had this purpose in contemplation. Bank of U. S. v. Waggoner, 9 Pet. 378, 399, 9 L. Ed. 163, 171; Henry v. Sansom, 2 Tex. Civ. App. 150, 21 S. W. 69." Shipman v. Wright (Tex. Civ. App.) 3 S.W.(2d) 519, 521.

To the same effect is the holding in Armstrong et al. v. City National Bank of Galveston (Tex. Civ. App.) 16 S.W.(2d) 954.

■ The appellee in his pleading recognized that in order to recover it was necessary to show that there was some scheme, device, or subterfuge, by pleading that the appellants were engaged in a conspiracy and fraudulent scheme to loan money and charge for the use thereof more than 10 per cent. per annum on the amount of the loan, and, as the facts were controverted, in order for him to recover, it was necessary to secure a finding of the jury

on such issue. International-Great Northern R. Co. v. Casey (Tex. Com. App.) 46 S.W. (2d) 669; Garrett v. State (Tex. Civ. App.) 51 S.W.(2d) 822.

The exceptions of appellants to the charge were sufficient to call the court's attention to the necessity of submitting such issue.

■ Unless the testimony on another trial discloses that the two corporations and their agent were conspirators or joint tort-feasors and a jury so finds if the evidence is controverted, a joint and several judgment should not be rendered. 9 Tex. Jur. page 396.

■ The appellants urge as error the action of the court in permitting appellee to testify, over their objection that it was hearsay, as follows: "I heard Mr. Jester upon the trial of a law suit in Dallas, Texas, testify that he was president of the American Motors Finance Company and president of the American Mortgage Corporation; that American Motors Finance Company furnished money to American Mortgage Corporation with which to buy notes."

This evidence was offered and admitted as original testimony and should have been excluded under the facts and circumstances revealed by this record. Guarantee Bond & Mortgage Co. v. Bain (Tex. Civ. App.) 16 S.W. (2d) 554.

We are not, however, to be understood as holding that the testimony of a witness made in a different case and at a different time and place would, under all circumstances, be inadmissible as original testimony.

In view of another trial we call attention to the following authorities: 17 Tex. Jur. §§ 228, 229, 230; 22 C. J. 343, § 391; Park v. Sullivan (Tex. Civ. App.) 12 S.W.(2d) 265; Knights of Modern Maccabees v. Gillis, 59 Tex. Civ. App. 109, 125 S. W. 338.

The judgment is reversed and the cause is remanded.