## LATTIMORE et ux. v. NATIONAL BOND & MORTGAGE CORPORATION.

### No. 10541.

Court of Civil Appeals of Texas. Galveston.

Feb. 17, 1938.

Rehearing Denied March 17, 1938.

F. S. K. Whittaker, of Houston, for appellants.

Raymond E. Buck and Victor C. Mc-Crea, both of Fort Worth, for appellee.

GRAVES, Justice.

This general statement concerning this cause is taken from the appellants' brief:

"This suit was filed by the plaintiffs, O. L. Lattimore, and his wife, Cora M. Lattimore, against the defendant, National Bond & Mortgage Corporation, in one of the district courts of Harris County, Texas, in which the plaintiffs sought by an action in debt to recover certain sums paid by them on a certain loan-contract made with the defendant, which sums they alleged were interest in excess of the maximum allowed by law.

"The case was tried before a jury on the amended original petition of the plaintiffs, in which they alleged they entered into the loan-agreement on June 22, 1928, to borrow from the defendant $4050.00, which was for the purpose of buying two improved lots in Harris County, Texas, and making certain improvements on the buildings thereon. This contract was evidenced by three notes and two deeds of trust. All executed on the same date, constituting a single loan-transaction.

"The plaintiffs alleged that note No. 2 for $751.07 and note No. 3 for $419.90, were interest notes, in addition to the interest provided by note No. 1 for $4050.00, which was the principal note, and was intended to represent the sum loaned. The plaintiffs set out all sums claimed to have been paid by them as interest and received by the defendant on the loan transaction, and sought double recovery for all such alleged sums paid as interest on the loan within the two-year period, immediately preceding the filing of the original petition, and requested the application of all sums paid as interest to be applied on the principal sum loaned back of this two-year period. The plaintiffs further alleged that notes Nos. 1 and 2 were secured by liens on the property of the plaintiffs in a deed-of-trust, of even date therewith, and note No. 3 was in like manner secured by lien on the same property, but inferior to the liens of the first two notes. The terms of the notes and deeds-of-trust were set out, and were alleged to show certain acceleration-provisions therein contained enabled the owner or holders of said notes, in the event of default, to obtain usurious interest.

"Plaintiffs also asked for the cancellation of all the interest, as provided for in said notes, the cancellation of notes Nos. 2 and 3, and the deed-of-trust securing the notes Nos. 2 and 3, and removing the clouds cast by said instrument on the property described in said deed-of-trust.

"Defendant alleged in its amended answer and cross-action, upon which it went to trial, after setting out special exceptions, general demurrer, and general denial to the cause-of-action as alleged in the amended original petition of the plaintiffs, that in the application agreement executed by the borrowers on or about June 21, 1928, and delivered to the defendant, that they agreed to pay and reimburse the defendant for 'certain expenses' it would incur in having 'certain bonds' sold by which it was to raise the money to be loaned, and that note No. 2 for $751.07 was received by it for this purpose, and the amount paid by the plaintiffs on this note did not constitute interest but reimbursement for certain expenses, which had been incurred and paid by the defendant.

"In its cross-action the defendant, after setting out the notes Nos. 1 and 2, as alleged in the plaintiffs' petition, and the fact that they were secured by liens on certain real estate as described in the deed-of-trust securing the said two notes, further pled that, due to the failure and refusal of the plaintiffs to pay the installments which accrued on July 22, 1932, the same were now due and payable and had been placed in the hands of attorneys for collection and suit. Defendant asked the court to foreclose the liens and judgment for the alleged amounts due, with interest and attorney's fees.

"Upon the issues thus made, the parties went to trial, and at the conclusion of the plaintiffs' case in chief, upon the motion of the defendant, the court peremptorily instructed a verdict for the defendant, denying recovery to the plaintiffs and granting recovery to the defendant in the sum of $4,518.00, and ten per cent attorney's fees, and foreclosure of the liens as they existed on the real property of the plaintiffs, June 22, 1928. Upon the return of the verdict, the court in due course entered judgment in accordance therewith."

This further supplementary statement to that already quoted is taken, in substance, from the appellee's brief: "Appellants further alleged that they contracted to purchase the property which was pledged to secure the notes for a consideration of Three Thousand Five Hundred and

No/100 ($3500.00) Dollars, which purchase-price was to be met out of the proceeds of such $4050.00-loan to be so furnished them, but that this contract was 'Fiction', and the appellee paid nothing whatsoever in funds or cash for that purpose. Appellants pleaded further that they paid to appellee Five Hundred Eighty-Seven and 72/100 ($587.72) Dollars, 'which was in addition to $100.00 paid previously', making a total of Six Hundred Eighty-Seven and 72/100 ($687.72) Dollars, which was alleged to be in part interest, but admitted a part of the money was for certain expenses, in the following words: 'There might have been some charges which in the usual course the plaintiffs may be legally charged.' "

The learned trial court, in the appealed-from judgment, gave this as its reason for the peremptory instruction to the jury: "The evidence was duly submitted, under the direction of the Court, and it appearing to the Court that the same is undisputed that plaintiff is indebted to the National Bond and Mortgage Corporation in the amount of Forty-five Hundred Eighteen and no/100 Dollars ($4518.00), plus ten per cent (10%) attorney's fees, and that the contentions of the plaintiff are wholly without evidence to support the same and the indebtedness is secured by a lien upon the hereinafter described property, as shown by deeds-of-trust dated June 22, 1928, and duly recorded in the mortgage records of Harris County, Texas."

■■■ In this court the appellee filed its motion to dismiss the appeal for alleged lack of jurisdiction here over the same, on the asserted ground that the appellants' amended motion for new trial below (the cause having been governed by the procedural provisions detailed in R.S. art. 2092) had been filed fourteen days too late, that the judgment itself had been entered on April 13 of 1936, being neither excepted to, nor notice of appeal therefrom given, whereas the appeal bond therein had not been filed until July 6 of 1936; wherefore the effort to so perfect the appeal had been wholly abortive.

This motion, having been taken for consideration with the cause itself, is overruled without extended discussion, upon the finding from the record that the facts as thus contended for in the motion are not upheld; indeed, this recitation in the court's order overruling the motion for new trial, which the record does not otherwise impeach, and which, therefore, is conclusively presumed to reflect the true facts, clearly contravenes the gravamen of the motion: "This the 22nd day of June, 1936, came on to be heard the motion of the Plaintiffs for a new trial in the above entitled and numbered cause; and such motion having been presented to the court in due time, manner and form and with due notice, and it appearing to the court that the original motion was filed within the time required by law after judgment, and by leave of court first had and obtained the amended motion for new trial was duly filed as required by law, such amended motion should be overruled, and it is accordingly ordered, adjudged and decreed that same be, and it is hereby, overruled."

Further, it elsewhere appears—by conclusive presumption, at least—notably in the appeal bond, that the true date of the entry of the judgment below had been the 25th day of May of 1936, rather than April 13 of 1936, as claimed.

■■ While appellants present a number of propositions undertaking to challenge certain rulings of the court affecting special exceptions to the pleadings, since the peremptory instruction was given at the close of appellants' evidence, without the appellee having offered any—thereby amounting to a demurrer to the sufficiency of that offered by the appellants, Donaldson v. Oak Park Cemetery, Tex.Civ.App., 110 S.W.2d 119—the only issue of law presented here is whether or not appellants raise by their testimony a fact issue in support of their declared-upon cause of action for usury.

After careful examination of the statement of facts—featuring as it does the testimony of appellant, O. L. Lattimore, alone, supplemented by the notes, deeds of trust, and other documentary evidence as to the transactions dealt with—this court, like the learned trial court, is unable to find that any such issue of fact was raised; on the contrary, there being no evidence of any probative force of the exaction by the appellee of any usurious interest, nor any showing that it acquired the right to any such exaction in the acceleration provision in the obligation it sued upon in its cross-action, or otherwise; indeed, when such appellant's whole testimony is looked to, inclusive of the provisions of all the documents themselves, which he freely ad-

mitted having executed and delivered, there is not even satisfactory proof of what the exact amount of the debt between the parties was—other than as found by the trial court—and none whatever to the effect that appellants intended to pay and appellee intended to receive, or that the former did pay and the latter did in fact receive, any illegal interest payments whatsoever. It is quite true that, in so far as asseveration of usurious interest went, appellants in their pleadings competently charged it to have been exacted of them; but when they came to the proof, they offered on the whole nothing more than a scintilla, if even that, in support of the claim; hence, in law they adduced no proof whatever.

It would serve no needful purpose to attempt a detailing, nor even a résumé, of Mr. Lattimore's stated testimony. Suffice it to say, as indicated, that he admitted the execution of the loan contract as declared upon in appellee's cross-action, inclusive of the deeds of trust securing it, which are regular on their face, and, standing alone, constitute valid obligations. He further testified to having also executed the three notes for which the two deeds of trust stood as security, that he put up $100 as earnest money on the purchase of the property the loan was to cover with one McCurdy, which sum seems unaccounted for in the record; that he paid the appellee $587.72, which he "supposed" would be applied to interest, or in reduction of interest, on the loan, adding, however, that it might have gone for improvements; whereas the receipt he accepted from the appellee for that money showed on its face that it had been paid for the purpose of canceling bills the loan would not otherwise be sufficient to pay off. While appellants' brief argues that $387.72 of this $587.72 was usurious interest paid by them, it is thus seen that the actual proof fails to support them. In a word, when questioned at length, Mr. Lattimore made plain the number and amount of payments he and his wife had made on the transaction, as related to both their contracts of purchase of the property and that for repairs thereon, and with reference to no feature of the undertaking as a whole, nor as to any one of the instruments evidentiary of any part of it, did he show any contract or agreement to pay, nor the fact of having paid, any usurious interest.

In this state of the record as a whole, since under the law the burden of proof is on him who pleads usury to prove it, no case for the jury was made out in this instance. The rule on the subject is thus stated in Shipman v. Wright, Tex. Civ.App., 3 S.W.2d 519, 521, writ of error denied: "The rule seems to be that where, as in this case, the contract on its face provides for the payment of no more than legal interest, the burden is on the party pleading usury to show that there existed some agreement, device, or subterfuge to charge usury, and that both parties had this purpose in contemplation. Bank of United States v. Waggener, 9 Pet. 378, 399, 9 L.Ed. 163, 171; Henry v. Sansom, 2 Tex.Civ.App. 150, 21 S.W. 69. If, on the other hand, it could be said that the evidence sustained appellants' contention, that is, that Home-Builders, and not Ivans, was the real party to the sales contracts, and received the consideration therefor, the situation would not be materially changed."

Further discussion being unnecessary, the judgment will be affirmed.

Affirmed.

PLEASANTS, C. J., absent.