ALBANY,
Feb. 1808.

Starr
v.
Schuyler.

</div>

<div align="right">

In an action for a *libel*, if the defendant swears that the *libel* was published in a different county from that in which the *venue* is laid, and that he has a number of material witnesses residing in such county, the court will direct the *venue* to be changed:

</div>

## Starr *against* Schuyler.

FOOT, for the defendant, moved to set aside the execution, which had been issued in this cause, on a judgment, entered by warrant of attorney on a bond, which the defendant, in his affidavit, alleged to have been given for a *usurious* consideration.

<div align="right">

Where a judgment was entered up, by warrant of attorney, on a bond alleged to be given for an usurious consideration, a

</div>

*eigned issue* was awarded to try the fact of usury, and execution was stayed until after the trial.

*Henry*, contra, read the affidavit of the plaintiff, explaining the transactions between the parties, but which did not expressly deny the allegation of usury.

*Per Curiam.* Take your rule, that all the proceedings under the judgment, be stayed, until the further order of the court ; and that a *feigned issue* be awarded, and brought to trial at the next circuit to be held in the county of *Albany* or *Rensselaer*, at the election of the plaintiff, to try the allegation of usury, as to the bond on which the judgment has been entered ; and that the feigned issue be prepared by the counsel for the defendant, and submitted to the plaintiff within twenty days ; and if the counsel for both parties cannot agree in settling the issue, either party may apply to a judge, at his chambers, for the purpose of having the same settled under his direction.