## TWOGOOD & ELLIOTT v. PENCE.

1. Judgment by confession: CONCLUSIVENESS OF. A confessional judgment duly entered and regular in all its parts, is, in the absence of fraud or other special ground for equitable relief, conclusive against the defense of usury, as well as every other defense existing when the judgment was rendered.

*Appeal from Linn District Court.*

SATURDAY, JULY 6.

IN July, 1860, plaintiffs recovered judgment against defendant, by confession, for nearly nineteen hundred dollars.   In February last, this bill was filed seeking to

restrain defendant from cutting and carrying away the timber on certain lands upon which said judgment was a lien, and which it is alleged were essential to the security of plaintiff's debt. The answer, in its second division avers, with some detail, that this judgment was rendered upon a contract largely tainted with usury; that, but a small portion of the principal remains unpaid, which is brought into court; and then it is asked that the sheriff, plaintiff and all others be enjoined from collecting said judgment. A demurrer to this part of the answer was sustained, and defendant appeals.

*Thomson & Davis* and *N. W. Hubbard* for the appellant.

*Smyth & Young* for the appellees.

WRIGHT J. — This judgment was entered up in accordance with the provisions of chapter 128 of the Revision.

1. JUDGMENT BY CONFESSION: conclusiveness of.
By this it is provided that a statement in writing must be made and signed by the defendant and *verified by his oath* to the following effect: "If for money due or to become due, it must state concisely the facts out of which the indebtedness arose, and that the sum confessed therefor *is justly due*, or to become due." And after this statement has been filed, and the judgment duly entered, our opinion is, that the claim is merged in said judgment and that the borrower cannot take advantage of the usury. Of course we speak of cases where the judgment was fairly obtained, that is to say, where there was no fraud, surprise or other like ground, upon which to predicate the right to equitable relief.

Such judgments are rendered, it will be seen, not upon a warrant of attorney, but on the written confession or admission of the debtor, duly verified by his oath, and

the judgment following is as conclusive against the defense of usury as any other. The case of *Lyon* v. *Welsh* (20 Iowa, 578), was where the defense was interposed *before* judgment, and is, therefore, quite unlike the one before us.

The thought that plaintiffs have resorted to a court of equity to make their claim available, and must therefore be subjected to all equities in defendant's favor, finds no support in the facts. The rule to which appellant refers does not apply. Plaintiffs do not ask equitable aid to correct or make more complete their judgment. Nor do they ask even to make liable to their judgment, property held in the name of another. Having a judgment regular and valid in all its parts, they seek to prevent the destruction of property, which they allege is essential to their security. No more does the rule suggested apply, than if, by *scire facias*, they were requiring defendant to show cause why execution should not issue. Of course, payment of the judgment or any defense arising subsequent to its rendition, could be interposed, but not such as existed when it was rendered, in the absence of fraud or the like, as before explained.

Affirmed.