The opinion of the court was delivered by
Brewer, J.:
This action grows out of the same transaction between the plaintiffs and the Ottawa Bank which gave rise to the suit between these same parties in which an opinion has just been filed, (supra, 238.) As stated in that opinion, the notes for $4,954.08 were transferred by the Ottawa Bank’ to the Lawrence Bank, and by it placed in judgment. The petition alleges substantially the same facts as stated in that opinion, that the Ottawa Bank transferred the notes fraudulently, without any consideration, and for the purpose of preventing plaintiffs from making their legal defense to them; that when said suit was brought the plaintiffs, desiring to avail themselves of their defense, made inquiry of both the banks, and that both of them falsely and fraudulently represented that the transfer had been bona fide, before maturity, and for a valuable consideration fully paid, and without notice of any defense; and that relying on, and induced by said-representation, the plaintiffs failed to make their defense, and allowed judgment to be taken. The prayer was for an order temporarily .restraining any proceedings to enforce these judgments, and that upon a final hearing they be set aside and a new trial granted. Upon thé hearing of the motion to- dissolve the injunction, tire plaintiffs wholly failed to show any false and fraudulent representations, as alleged. On the contrary, Mr. Elder,-one of the plaintiffs, testified that “both judgments were taken by agreement made in open court;” and in reply to a question as to why no defense was made, said, “The principal reason was that I went into a compro *246 raise with Thacher & Skinner (officers of the Ottawa Bank,) for more time, and for waiver of protest damages, I think.” Assuming in this case, as we did in the other, that the trans- • action between the plaintiffs and the Ottawa Bank was forbidden by law, and that the securities taken were void — though the testimony comes very far short of showing this to have been a loan on real estate security, but indicates simply the taking of a mortgage to secure past indebtedness — still we think the ruling of the district court was correct. All that the plaintiffs can, in any phase of the case, claim, is, that the Lawrence Bank held their notes which were void, and to which they had a complete legal defense. Said Bank sued on those notes, and the plaintiffs here, with full knowledge of their defense, failed to set it up, supposing the Lawrence Bank to be a bona fide purchaser for value, before maturity. It subsequently appeared that the Lawrence Bank was not such a holder, and that any legal defense as against the Ottawa Bank could have been successfully made to the action of the Lawrence Bank. "We do not say that the testimony shows all this; far from it; but simply, that this is the most favorable view for the plaintiffs. Now under such a state of the case, the plaintiffs are simply too late. They have had their day in court. They knew of their defense. No fraud was practiced on them. They consented to the judgments. If after all this it were proper to open up the cases, and retry the questions, the idea that a judgment is the end of the law would be an illusion indeed. (Freeman on Judgments, 407, 408, 409.) The judgment of the district court will be affirmed.
Kingman, C. J., concurring.
"Valentine, J., not sitting in the case.