[No. 4086.]

## HOUGHTON *v.* LEE.

GARNISHMENT OF SUM DUE FOR HOMESTEAD.—If the wife declares a home-
stead on common property, and the husband procures a policy of insur-
ance on the house thereon, and the house is destroyed by fire, the sum
due from the insurance company is not subject to garnishment by a
judgment creditor of the husband.

APPEAL from the District Court, Seventh Judicial Dis-
trict, County of Solano.

On the 31st day of March, 1871, George W. Lee, and his
wife Delia, were residing with their minor children on a lot
in Vallejo, and Mrs. Lee filed a declaration of homestead
thereon. The house and lot were community property. On
the 17th of September, 1872, J. F. Houghton recovered a
judgment against the husband for over nine thousand dol-
lars. On the 11th day of March, 1873, the husband effected
an insurance on the house and household furniture, in the
Hartford Insurance Company, for $1400. On the 5th day
of June thereafter, the house and furniture were destroyed
by fire. The company were willing to pay the insurance,
but on the 7th day of June, 1873, Houghton placed an exe-
cution issued on his judgment in the hands of the sheriff,
who levied upon the money in the hands of the company.
The wife moved the court to set aside the levy, and the mo-
tion was granted. Houghton appealed from the order.

*Currey & Evans,* for the Appellant.

The money due from the insurance company is not home-
stead property, and therefore is not exempt from execution.
The amount due on the policy of insurance is due George
W. Lee, and is liable on the execution issued upon the
judgment of Houghton against George W. Lee.

The money is not homestead property, and cannot be
held so to be upon any just principle of construction of the
statutes relating to homesteads. It is not protected from
execution by the third section of the Homestead Act of 1851
(Laws 1851, p. 296; Hittell's Dig. 3543), nor by any act

amendatory thereof, nor by Title V of the Civil Code, sections 1237 to 1269.

*S. F. & L. Reynolds*, for the Respondent.

The Civil Code has made stringent and certain provisions concerning the homestead. Section 1237 declares the homestead to be a quantity of land. By section 1254, if the homestead cannot be divided, then the judge orders a sale; section 1255 declares that the bid must exceed the homestead value. If the sale is made under the order of the judge, the five thousand dollars exemption must be paid to the claimant (Sec. 1256).

This money is entitled to all protection against legal process, and against every disposition which the law gives to the homestead (Sec. 1257).

By section 1260, homesteads may be selected by the head of the family. "The head of a family" means:

1. The husband.

2. The wife. (Sec. 1261.)

From and after the time of the declaration, the land is a homestead, and held in joint tenancy, with the right of survivorship. (Sec. 1265.)

Since the passage of the Homestead Act of 1862, the husband and wife take a joint estate, and it rests absolutely in the survivor; and upon the death of the survivor, the estate is cast upon the heir by the law of descents. (*Rich* v. *Tubbs*, 41 Cal. 34–36.)

Therefore, it being an estate of inheritance, the homestead is the fee of the land. The husband cannot, by any act of his, affect the right of the wife in the homestead, after it has been created by either. (*Barber* v. *Babel*, 36 Cal. 11–14.)

This joint tenancy is the same as a deed to husband and wife at common law. That, like this, was a peculiar estate. They both were seized of the entirety—*per tout et non per my*. Neither could dispose of the estate without the assent of the other, and the whole went to the survivor. (2 Blacks. 182; 2 Kent, 110 (132); *Jackson* v. *Stevens*, 16 John. 115.)

Though judgments are a lien upon lands, yet not so as to homesteads. (*Green* v. *Marks*, 25 Ill. 221; *Wiggins* v. *Chance*, 54 Ill. 175; *Estate of Delany*, 37 Cal. 181.)·

The husband, by insuring the homestead dwelling, forming a part of the homestead estate, and that dwelling being burned, did not change the character of the property, nor the estate of the wife, nor her rights to, or interest in such estate, which is merely converted into money by an accident. It needs no authority to show that, if one jointly interested with others in property having an insurable interest, insures, and the property insured is burned or lost, the insurance-money is for the joint benefit of all those interested.

By the Court, CROCKETT, J.:

The court below properly held that the sum due from the insurance company was not subject to garnishment by a creditor of the husband.

Order affirmed.    Remittitur forthwith.

Mr. Chief Justice WALLACE did not express an opinion.