## BELL *v*. FERGUS.

Decided March 5, 1892.

*Judgment by confession—Usury—Waiver.*

One who enters his appearance in a cause and consents that judgment be entered against him waives any defense of usury he may have : the usury act of March 3, 1887, which provides that a usurious contract and "any mortgage, pledge or other *lien,* or conveyance executed to secure the performance of the same" may be annulled and cancelled, has no reference to a judgment.

APPEAL from *Jefferson* Circuit Court in chancery.
JOHN M. ELLIOTT, Judge.

*U. M. & G. B. Rose* for appellants.

1. The transaction was usurious and void. 47 Ark., 287; 53 *id.*, 271; *ib.*, 345; 41 Ill., 31.

2. A debtor is never estopped to plead usury. It taints and vitiates all transactions. Judgments by confession will be set aside for usury. 5 Rand., 759; 5 John., Chy., 122; 2

Johns. Cases, 258 ; *ib.*, 280; 3 Johns., 139 ; *ib.*, 250; 22 Ill., 475 ; 87 Ill., 84; 1 Taunt., 413 ; 4 B. & Ald., 92. The act of 1887 (p. 50) expressly authorizes proceedings in equity to cancel and set aside " every lien created by mortgage, etc., or *otherwise.*" It extends to *all liens.*

S. M. *Taylor* and *J. W. Crawford* for appellee.

1. The loan was made before the constitution of 1874, and hence was not usurious. If the note was transferred as collateral security, the 2 per cent. was a penalty to induce appellants to pay the debt promptly, with 10 per cent. interest. 4 Pet., 225 ; 3 Iowa, 252. But all the circumstances show that Fergus bought the note from Merrill.

2. The matter is *res judicata.* Appellants are estopped by the judgment. The cases cited by appellants were judgments by confession on warrants of attorney. The laws of Arkansas do not allow such judgments. Mansf. Dig., sec. 5185. In such judgments the defendant had no day in court. But in this case they appeared, failed to plead any defense, and consented to judgment. They are estopped. 1 Johns. Cases, 492 ; 23 Ala., 739; 14 Mich., 348; 9 Iowa, 201 ; 22 *id.*, 543 ; 37 *id.*, 325 ; 38 Ark., 457 ; 18 *id.*, 332 ; 19 *id.*, 420; Freeman on Judg., secs. 248-9 ; 20 Ark., 85 ; Herman on Est. & Res. Adj., secs. 53, 55.

BATTLE, J. On the 11th day of November, 1879, Frank Fergus filed in the Jefferson circuit court a complaint in which he was plaintiff and Marcus L. Bell and Joseph W. Bocage were defendants. The object and prayer of it was the foreclosure of a mortgage executed by the defendants on the 13th of April, 1872, to Joseph Merrill, and by Merrill afterwards assigned to Fergus. Upon the filing of this complaint Bell & Bocage entered their appearance, and, by their consent, judgment was rendered against them in favor of the plaintiff for $4600 and 10 per cent. per annum interest thereon from the date of the judgment until paid, and it was ordered, adjudged and decreed by the court, that the land described in the mortgage, describing it, be sold to pay

the $4600 and the interest thereon. To set aside this decree this action was brought by Bell & Bocage in the Jefferson circuit court. In explanation of the decree it was shown that Joseph Merrill, on the 13th of April, 1872, loaned to Bell & Bocage, $4000 upon their executing to him a note for $4960 and 4 per cent. per month interest thereon from the maturity thereof until paid, and a mortgage on property, the property described in the decree, to secure the same; that, afterwards, Merrill demanded payment of the balance due on the note and mortgage, and Bell & Bocage applied to Frank Fergus for a loan of a sum of money sufficient to pay the same; and that Fergus paid to Merrill $3100, the amount due, and took a transfer of the note and mortgage to himself. Bell & Bocage say that the $3100 was advanced to them as a loan at a usurious rate of interest, and that the note and mortgage were transferred to Fergus as collateral security for the loan, and that usurious interest was included in the judgment rendered in the foreclosure of the mortgage, and now ask that the judgment be set aside and declared void because of usury. Are they not precluded by the judgment or decree from impeaching it for usury?

It is a general rule that a final and valid judgment of a court precludes the parties thereto from setting up any matter in bar of the enforcement or in impeachment of such judgment that might and should have been raised against the action in which it was rendered. Having failed to plead a fact that they might have pleaded, they are presumed to have waived their right to do so, and the law will afford them no relief on account of such a failure. *Ellis* v. *Clarke*, 19 Ark., 420; *Cromwell* v. *County of Sac*, 94 U. S., 351; *Harris* v. *Harris*, 36 Barb., 88.

The judgment or decree in question was a judgment by confession and was rendered by a court of competent jurisdiction. Its regularity or legality is not questioned, except that it is said the debt for which it was rendered was void for usury. The statutes provide that "such judgment shall authorize the same proceedings for its enforcement as judg-

ments rendered in actions regularly brought and prosecuted, and the confession shall operate as a release of errors." Mansf. Dig., sec. 5187. Until set aside or reversed it has all the qualities and effects of a judgment on a verdict. It concludes and estops the parties thereto and all their privies. " It is a voluntary waiver of all defences, and of all rights under the statute or at common law—a total and unconditional surrender of the field of controversy which concludes him forever." *Secrist* v. *Zimmerman,* 55 Penn. St., 446; *Braddee* v. *Brownfield,* 4 Watts, 474; *Twogood* v. *Pence,* 22 Iowa, 544; 1 Black on Judgments, sec. 78, and cases cited in note 151.

But it is contended that this principle is not applicable to the defense of usury, which renders void all securities affected by it. Many cases are cited to support this contention. In those cases the judgments were confessed upon warrants of attorney or judgment notes, which formed a part of the contracts upon which the judgments were confessed, and by reason thereof were tainted with usury in the contracts. *Brown* v. *Toell's adm'r.,* 5 Rand., 543; *Fanning* v. *Dunham,* 5 John. Ch., 122; *Wardell* v. *Eden,* 2 John. Cases, 258; *Gilbert* v *Eden, ib.,* 280; *Starr* v. *Schuyler,* 3 John. 139; *Hewitt* v. *Fitch, ib.,* 250; *Fleming* v. *Jencks,* 22 Ill., 475; *Page* v. *Wallace,* 87 Ill., 84; *Hindle* v. *O'Brien,* 1 Taunt., 413; *Roberts* v. *Goff,* 4 Barn. & Ald., 92. In those cases the defendants had no opportunity to plead—no day in court. The same reason existed for setting aside the judgment as there was for setting aside the contracts. The judgments were mere devices to evade the penalty of usury. But in this case there was no agreement to confess judgment at the time the loan, contract, note, or assignment thereof was made, or at the time the mortgage was executed. Appellants agreed many years afterwards to confess the judgment or decree in question. This agreement formed no part of a usurious contract.

In this case a complaint was filed ; appellants entered their appearance ; and by their consent the judgment or decree was rendered. They had an opportunity to set up their de-

fenses, had their day in court, and knew their defenses, if they had any. Under these circumstances there is no valid reason why they should not be as much precluded from im-peaching the judgment for usury as for payment or any good cause. They had the right to waive any defense of usury that they may have had, and did so by a confession of judg-ment, and cannot now retract it.

We can see no other or additional reason why a judgment by confession, in conformity with the law, should be set aside for usury than there would be if there had been a judgment rendered in an adversary suit and upon a regular hearing or trial of the court; and there is none. The prin-ciple, whether it be of merger or estoppel, that makes judg-ments conclusive as to any defense that might have been set up in the action in which they were rendered makes them conclusive as to usury. *Thatcher* v. *Gammon*, 12 Mass., 268; *Twogood* v. *Pence*, 22 Iowa, 543; *Middleton* v. *Hill*, Cro. Eliz., 588; *Shufelt* v. *Shufelt*, 9 Paige, 137; S. C., 37 Am. Dec., 381; *Buchanan* v. *Nolin*, 3 Humph., 63; *McKoin* v. *Cooley*, *ib.*, 559; *Bartholomew* v. *Yaw*, 9 Paige, 166; *Thompson* v. *Berry*, 3 John. Ch., 395; *Grow & Albee*, 19 Vt., 540; *Elder* v. *Bank of Lawrence*, 12 Kas., 242; 1 Black on Judgments, secs. 331, 349; 2 *id.*, secs. 677, 759; Freeman on Judgments (3d ed.), sec. 502; 2 Daniell, Ch. Pl. & Pr. (4th ed.), pp. 973, 1575, 1584, 1585. If it does not, then there can logically be no end to litigation in which the defense of usury may be interposed, until that defense is established by a judgment of the court.

It is suggested that appellants are entitled to the relief asked for by them in this action, under an act of the legisla-ture approved March 3, 1887. That act provides "that every lien created or arising by mortgage, deed of trust or other-wise, on real or personal property, *to secure the payment of a contract* for a greater rate of interest than 10 per cent. per annum, either directly or indirectly and every convey-ance made *in furtherance of any such lien* is void; and every such lien or conveyance may be cancelled and annulled at

the suit of the maker of such usurious contract, or his vendees, assigns or creditors," and that "the maker of a usurious contract may, by suit in equity against all parties asserting rights under the same, have such contract, and any mortgage, pledge or other lien, or conveyance executed to secure the performance of the same annulled and cancelled, and any property, real or personal, embraced *within the terms of said lien or conveyance*, delivered up if in possession of any of the defendants in the action, and if the same be in the possession of the plaintiff, provision shall be made in the decree in the case removing the cloud of *such* usurious lien, and *conveyances made in furtherance thereof*, from the title to such property." But the terms of the act show that it has reference only to liens created by contract or by a performance of the terms of a usurious contract, for the purpose of securing the payment of more than 10 per cent. per annum interest, and not to liens which are created by operation of law, and which are not the result of the performance of the terms of a usurious contract, as a lien created by the confession of a judgment for more than 10 per cent. per annum interest in pursuance of an agreement to pay such interest and to confess such judgment would be. In other words, it has reference only to those liens which are created by contracts, or arise out of their performance by the parties to the same, and which are created or arise for the purpose of "securing the payment of a contract for a greater rate of interest than 10 per centum per annum." It has no application to the judgment in question.

The judgment of the circuit court should be affirmed, and it is so ordered.