GEORGE HASELTINE v. WILLIAM C. GILLILAND *et al.*

No. 57.

1. CASE-MADE — *Settling   and   Signing — Extrinsic   Evidence.* When a record fails to show on its face that a case for the appellate court was regularly settled and signed, with opportunity to the opposite party to suggest amendments and to be heard, extrinsic evidence is admissible to show a waiver of amendments and consent to the settling and signing of the case-made at the time and in the manner it was done.

2. FORECLOSURE—*Judgment Conclusive until Set Aside.* The judgment of a court decreeing the foreclosure of a real-estate mortgage, and adjudging the debt secured thereby to be a lien upon the mortgaged premises, is conclusive, until set aside, upon the parties as to all matters actually determined, or which might under the pleadings have been determined in the case; and the validity of such mortgage cannot be questioned for the first time by a motion to set aside a sale of the mortgaged premises made pursuant to an order of sale issued on the judgment.

MEMORANDUM.—Error from Dickinson district court ; M. B. NICHOLSON, judge. Action by George Haseltine against William C. Gilliland and others to foreclose a mortgage. Judgment for defendants. Plaintiff brings the case here. Reversed. The facts are stated in the opinion herein, filed January 9, 1896.

*John H. Mahan,* for plaintiff in error.

*Stambaugh & Hurd,* for defendants in error William C. and Sallie Gilliland.

The opinion of the court was delivered by

GARVER, J. : The defendants in error have moved to dismiss this case, and object to its consideration on the ground that the record attached to the petition in error as a case-made was erroneously settled and signed, and should not be held to be a legal case-made.    The decision of the court complained of was made October 9, 1891.    The plaintiff in error was given 90 days in which to make and serve a case for the supreme court ; the case-made was served on counsel for the defendants in error on December 4, 1891, and settled and signed January 4, 1892.    On the hearing of the motion to dismiss, counsel for the plaintiff in error filed his affidavit showing that after the case-made was served upon the counsel for the defendants in error and after it had been examined by them it was returned to counsel for plaintiff in error, with the statement that it was correct, that they had no suggestion of amendment to make, and that they were satisfied with it as served ; and that, relying upon such statement, the case was settled and signed before the time had expired for suggestions of amendment.    No suggestions of amendment were at any time made, nor is there now any objection to the correctness of the case-made.    This showing on behalf of the plaintiff in error is not disputed, and should be deemed a waiver of any irregularity in the time of settling the case.    Matters touching the jurisdiction of the trial judge may be shown by extrinsic evidence, the record itself failing to show necessary jurisdictional facts.    (*Jones v. Kellogg*, 51 Kan. 263 ; *Roser v. National Bank*, 56 id: 129.)

The questions in this case arose in an action commenced March 31, 1887, in the district court of Dick-

inson county, by Haseltine against Gilliland and others on a note and mortgage executed in his favor by the Gillilands. Personal service of summons was made on the defendants in that county, and a judgment by default rendered June 1, 1887, for the recovery, on the note, of the sum of $1,512.50, and for the foreclosure of the mortgage and sale of the mortgaged premises after six months. On March 30, 1891, an order of sale was issued on said judgment, the premises sold to the plaintiff for $500, and return thereof made, in due form, to the court. At the May, 1891, term of the court, the Gillilands appeared and filed their motion to set aside the sale, for the reason·

"that the property sold is now, and has been since long before the rendition of the judgment in said cause, the homestead of said defendants, and that at the time of the rendition ·of said judgment the title to said premises was in the United States government, and that long after the rendition of said judgment said defendants made final proof under the homestead law of the United States and obtained title thereto."

In support of this motion, evidence was introduced, over the objection of the plaintiff, the motion sustained, and the sale set aside. The objection to this motion and to the evidence offered in its support, we think, was well taken. The merits of the motion involved the validity of the mortgage. That was an issue presented by the petition filed in the case, and was confessed in plaintiff's favor by defendants' default. The judgment declaring the validity of the mortgage and adjudging the debt secured thereby to be a lien upon the premises had been in force and undisputed for nearly four years. The defendants had ample opportunity to defend in the action by pleading therein the several matters set up in this

motion; and the plaintiff had a right to have such questions determined in the regular course of legal procedure, and by a formal trial in court. The ruling of the court permitted the defendants to avoid a trial when the issue was regularly and properly presented, and to dispose of the entire question affecting the right of the plaintiff to his lien upon the summary hearing of a motion. The law certainly does not contemplate any such procedure. It does not matter that the issue was not made, nor the question raised, in the case proper. It could have been made and determined therein. The defendants were challenged to it by the petition, and their default had the same legal effect as an actual appearance and trial. Parties are concluded not only by what has been actually litigated and determined in a case, but also by what, under the pleadings, might have been litigated and determined. (*Hentig v. Redden*, 46 Kan. 231; *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.*, 47 id. 766; *Sanford v. Oberlin College*, 50 id. 342.) This rule should apply in any subsequent proceedings had in the same case, as well as in subsequent actions. The judgment of the court, once rendered, is conclusive of the rights of the parties respecting matters involved therein until it is set aside. (*Elder v. Bank of Lawrence*, 12 Kan. 242; *Watson v. Voorhees*, 14 id. 328.)

It is suggested that the record fails to show that this court has jurisdiction to review this case. We are of opinion that it sufficiently appears that the amount involved exceeds $100 and does not exceed $2,000, and this brings the case within the jurisdiction of this court. As the motion to set the sale aside was made upon only the one ground, it should have been over-

ruled and the sale confirmed, if otherwise regular and not subject to objection.

The order of the court is reversed, and the case remanded for further proceedings in accordance with this opinion.

All the Judges concurring.