# Hightower *v.* Coalson.

*Accounting.*

(Decided May 16, 1907. 44 South. 53.)

*Judgment: Vacation; Equitable Relief.*—Where complainant exeented plaintiff an usurious note, containing a power of attorney for confession of judgment, the power being a part of the usurious contract, the complainant is entitled to maintain his bill to open a judgment confessed against him under the power for the purpose of purging the transaction of usury.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by L. D. Hightower against L. D. Coalson to set aside a judgment on an alleged usurious note, to declare same invalid, and for an accounting, with an offer to do equity. From an order sustaining a demurrer to the bill, plaintiff appeals. Reversed and rendered.

The facts made by the bill are that complainant borrowed of defendant the sum of $11, and executed a paper due 30 days after date, for the sum of $13.20, $2.20 being for interest; and before the note was due complainant paid respondent the sum of $13.20 as interest upon said indebtedness, and on the 30th day of October the defendant still claimed that he owed him $11, and on that date complainant executed to respondent another paper for $13.20, for the $11 originally due and the interest thereon. It is alleged that the interest charged upon the indebtedness was more than 8 per cent., and was usurious, and the last-named note contained a power of attorney for a confession of judgment in the name of the complainant, and that it was taken with a fraudulent intent, and as a fraudulent device to avoid the usury laws of the state, and in pursuance of said fraudu-

lent intent said judgment was taken and confessed with-
out any notice to complainant or any kowledge on his
part that it was done.  It is further alleged that Whit-
taker, as attorney for the respondent, went before one
Abernthy, a judge of the inferior court of Birmingham,
and confessed judgment against complainant in the sum
of $18.20 and $2.10 costs; that execution had been issued
on said judgment and placed in the hands of a constable,
and said constable is demanding that complainant pay
him the said judgment and costs, together with 75 cents
for executing the same.  Demurrers were interposed
that there was no equity in the bill; that the complain-
ant's remedy is at law; that the contract was not set out
in haec verba nor in substance; it does not appear that
complainant has tried to do equity; it appears from said
bill of complaint that said judgment was properly ren-
dered against complainant; facts constituting fraud are
not set forth; and it does not appear what steps, if any,
complainant has taken in the inferior court of Birming-
ham.  These demurrers were sustained, and an amend-
ment was filed, setting out the contract or note.  The de-
murrers were then interposed and again sustained.

M. L. WARD, for appellant.—For the purpose of purg-
ing the contract of usury complainant had the right to
reopen the judgment at law.—*Farwell & Co. v. Hilbert,*
24 L. R. A. 235 and note; 16 A. & E. Ency. of Law, 389
and note; 46 Am. Dec. 423; 9 Am. Dec. 283

STALLINGS, NESMITH & DRENNEN, for appellee.—No
brief came to the Reporter.

SIMPSON, J.—The bill in this case was filed by the
appellant against the appellee, seeking relief against a
judgment on the ground that the judgment was rendered
by confession under a power of attorney, which was em-

[Hightower v. Coalson.]

bodied in the note, authorizing judgment to be confessed by an attorney if the note was not paid at maturity. A demurrer to the bill was sustained by the chancellor, and the question presented by the appeal is whether a court of equity can grant relief in such a case.

The general principle is that if a party has permitted a judgment to be taken against him, without interposing the defense of usury, he cannot invoke the powers of a court of equity for relief.—29 Am. & Eng. Ency. Law (2d Ed.) p. 557; *Jones v. Watkins,* 1 Stew. 81; *Jones & Spence v. Kirksey,* 10 Ala. 579; *Mallory, et al. v. Matlock,* 10 Ala. 595; *McCollum v. Prewitt,* 37 Ala. 573. This principles has been declared applicable to judgment by confession; but an examination of the cases reveals the fact that those were cases in which a party had been brought into court by regular process and had confessed judgment. The better opinion is that where a party embodies in his note a power of attorney to confess judgment, and the judgment is confessed, without other notice to him, while in other respects the judgment is as valid as any other judgment, yet as the power of attorney is a part of the usurious contract, and as it would be a convenient method of evading entirely the usury laws, a court of equity will open the judgment, and purge the transaction of usury.—I Pom. Eq. Jur. (3d Ed.) p. 461, § 278; *Cook v. Jones,* 1 Cow. (N. Y.) 727; Thompson v. Berry, 3 Johns. Ch. (N. Y.) 359, 399, 400; *Twogood & Elliott v. Pence,* 22 Iowa, 543; 544; *Mullen v. Russell,* 46 Iowa 386; *Kendig v. Marble,* 55 Iowa, 386, 7 N. W. 630; *Bell v. Fergus,* 55 Ark. 536, 539, 18 S. W. 931; *Moses v. McDivitt,* 88 N. Y. 62, 68; *Fanning v. Dunham,* 5 Johns. Ch. (N. Y.) 122, 9 Am. Dec. 283, 287-295; 29 Am. & Eng. Ency. Law (2d Ed.) p. 558.

It results that the chancellor error in sustaining the demurrer to the bill, and a judgment will be here ren-

dered reversing said decee of the chancery court and overruling the demurrer.

Reversed and rendered.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.