BUTTS *v.* CRUMB.

Opinion delivered September 29, 1930.

*McConnell & Jackson,* for appellant.

*J. S. Butt,* for appellee.

McHANEY, J. On June 16, 1924, appellants executed and delivered to the Guthrie Mortgage Company a promissory note in the sum of $3,000, due ten years after date, with interest from date at 6 per cent. per annum, secured by a deed of trust on 155 acres of land owned by the appellants in Howard County, Arkansas. Four days later, on June 20, 1924, the above mentioned note and deed of trust were duly assigned to the appellee and a memorandum thereof noted on the record of the deed of trust. On the 17th day of September, 1924, the Guthrie Mortgage Company settled with appellants for the amount of the loan by paying off a prior mortgage in the sum of

$1,800 and retaining $1,200 as a commission for procuring the loan, and which amounted to 4 per cent. per annum of the face value thereof for ten years. In 1927 the land covered by the deed of trust was forfeited for the non-payment of taxes for the year 1926 and sold to a third party. The period of redemption expired without a redemption being effected, and sometime thereafter the appellee secured a conveyance of said lands from the purchaser at the tax sale and paid therefor the sum of $488, a sum largely in excess of the taxes, penalty and costs required to be paid in order to redeem. Appellee thereafter, in September, 1929, instituted an action to foreclose his deed of trust, some of the interest payments being delinquent and there being an acceleration clause in the deed of trust providing that, on default in payment of interest, taxes, etc., the whole amount might be declared due and payable. Summons was served upon the appellants and in a short time thereafter appellant, E. M. Butts, and his son-in-law, Floyd Tollison, called upon counsel for appellee and asked for additional time in which to raise sufficient money to pay up his indebtedness. Mr. Butts and his son-in-law testified that they understood the counsel for appellee agreed to take no further steps in the matter until about the first of January, at which time they thought they could raise the money to pay off the accrued indebtedness. Counsel for appellee testified that he told them he would give them until the first of January to pay up, but that he would go ahead and take a formal decree of foreclosure at the November term of court, but would not advertise the land for sale until after January 1, 1930; that they asked him if any additional costs would accrue, and he advised them that whatever additional costs accrued by the taking of the decree would be paid by him. A decree was taken in November, but the property was not advertised for sale until after January 1, no payments having been made by appellants, and was sold by the commissioner on January 31, 1930. Thereafter the sale was duly reported to

the court, and on February 14, appellants filed their exceptions to the report of sale and moved the court to set aside the judgment, permit them to answer, and to interpose the plea of usury to the note and mortgage and the excessiveness of the judgment. They alleged that they had been deceived by counsel for appellee and led to believe that the case would not be heard until after the first of January, 1930, instead of November, 1929. They also alleged that the judgment was excessive in that the sum of $488 paid for a conveyance of the tax title was excessive, for the reason that the taxes only amounted to about $35. As to the usury, it was alleged that the contract for the loan with the mortgagor was void for the reason that it was tainted with usury on account of the $1,200 retained by the mortgage company as commission and the 6 per cent. to be paid in the note and deed of trust.

The court overruled appellant's exceptions to the report of sale, decreed a confirmation thereof, and this appeal followed.

The evidence is in dispute as to what happened about the continuance of the case after service was had upon appellants, but we think the preponderance of the evidence is with the appellee that there was no agreement to take no further steps in the case until after January 1, 1930. Appellants' evidence was to the effect that they so understood the agreement with appellee's counsel, but, on the other hand, appellee's testimony was positive and direct that he only agreed to postpone advertising the property until after January 1, 1930.

We find it unnecessary to decide whether the contract between appellants and the mortgage company was usurious and whether appellee was affected with notice thereof, if it were usurious. When appellant Butts and his son-in-law went to counsel for appellee, their only request was for time in which to raise money with which to pay off the accrued indebtedness. There was no mention of a defense to the action, or a request for time in

which to make a defense to the action. Their only purpose was to secure a delay in order that they might raise the money necessary to pay the accrued indebtedness. Usury is a defense which must be pleaded, and appellants had ample opportunity to make the plea before the decree was rendered and before the land was sold. They neglected to do this. They waited for a period of approximately ninety days after the decree of foreclosure was taken, * * * after the land had been sold and report of sale made, and was pending before the court for confirmation before offering to make any defense to the action whatever. It therefore rested in the sound discretion of the court as to whether it would undo and set aside everything that had been done in the case up to that time and permit them to file an answer. It exercised this discretion after hearing the evidence and declined to set the proceedings aside. We cannot say therefore that the court abused its discretion in this regard. They had notice of the pendency of the suit by actual service. They had been advised that if they would pay the accrued indebtedness by January 1, the controversy might be settled. They knew that they did not pay the accrued indebtedness by January 1, or any other time. They made no pretension to counsel for appellee that they desired to make any defense to the action. We are therefore of the opinion that the court did not abuse its discretion and that the judgment must be affirmed. It is so ordered.