FRANKLIN FIRE INSURANCE COMPANY *v.* BUTTS.

Opinion delivered October 5, 1931.

*D. D. Terry,* for appellant.

*J. M. Jackson, Jas. S. McConnell* and *J. S. Butt,* for appellees.

HART, C. J., (after stating the facts). It is first contended that A. R. Crumb acquired an interest in the land by the tax sale in 1926 for the taxes of 1925, and that thereafter E. M. Butts was not the sole and unconditional owner of the property, and therefore the fire insurance policy was null and void. We do not agree with counsel for the insurance company in this contention. We set out in our statement of facts the substance of the "sole and unconditional ownership clause" of the policy. We do not deem it necessary to set out the clause in full for the reason that, under the facts of the case, we do not think that it has any application. The mortgage foreclosure suit brought by A. R. Crumb against E. M. Butts, is reported in 182 Ark. 286, 31 S. W. (2d) 307. According to the pleadings in that case, as will be seen from an

examination of the transcript, Crumb did not claim any interest in the land by virtue of his purchase of the tax title, but only asked that he be allowed the sum of $448 paid for the conveyance of the tax title. The defendant contested this for the reason that the taxes only amounted to about $35. The defendant also contested the fore-closure suit on the ground of usury. Both of these contentions were found against the defendant Butts by the chancery court, and a decree was entered of record accordingly. The decree of the chancery court was affirmed upon appeal. These facts are inferentially shown by the opinion in that case and are conclusively shown by an examination of the transcript.

But it is claimed that the Franklin Fire Insurance Company was not a party to that suit and was not bound by the proceedings thereunder. In the first place, the insurance company could not claim any change of interest or ownership in the property which was not claimed by either of the parties to that proceeding.

In the second place, the record in the present case shows that the parties agreed that A. R. Crumb is claiming as garnishee creditor and not under the mortgage clause or as assignee of the mortgage. This shows that the parties agreed that Crumb was only asserting a right to garnishment of the proceeds of the insurance under his deficiency judgment in the foreclosure decree. This is made plain by the allegations of the complaint in the present case. The insurance company cannot claim that Crumb had any other or different interest in the property than that claimed and alleged by himself. This question was expressly adjudicated in favor of Butts in the foreclosure proceeding, and the decree in that case was affirmed upon appeal. Hence we are of the opinion that the policy did not become null and void under the so-called "sole and unconditional ownership clause."

In the present case, the policy contained a loss payable clause in favor of the John Guthrie Mortgage Company, as its interest might appear, and this showed actual knowledge of the mortgage to that company when

the policy was issued. The policy having provided what the effect of that clause should be, it precludes any possible idea that the commencement of foreclosure proceedings under the mortgage should render the policy void. The stipulation that the commencement of foreclosure proceedings should render the policy null and void evidently referred to other foreclosure proceedings than that by John A. Guthrie Mortgage Company or its assignee, for the policy was made payable to that company as its interest might appear, and further provided that the policy should not be invalidated by any foreclosure of the property or by any change in title or ownership under the mortgage.

In the forfeiture clause of the policy, among other things, it is stipulated that, if the property or any part thereof shall hereafter become mortgaged or incumbered, or upon the commencement of foreclosure proceedings, without the written consent of the insurer, the policy shall be void. The connection with which the phrase, ''or upon the commencement of foreclosure proceedings,'' is used, indicates that it refers to mortgages to be executed in the future. After inserting clauses relating to lightning and other matters, the policy recites that there is an indorsement attached to the policy which is called the mortgage clause. It provides that the loss or damage to the buildings covered by the policy shall be payable to the John A. Guthrie Mortgage Company as first mortgagee, ''as interest may appear, and this instrument, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property,'' etc.

It is argued that this means that foreclosure proceedings as to the John A. Guthrie mortgage would invalidate or render void the policy in so far as the mortgagor is concerned. We do not think so. This clause was inserted for the benefit of the mortgagee and was intended

to protect its rights, so that, if the mortgagor gave other mortgages after the issuance of the policy with the written consent of the insurance company, a foreclosure of such mortgage, while it would avoid the policy as to the mortgagor under the forfeiture clause, would not affect the rights of the mortgagee. It is the settled rule of law in this State that if any ambiguities appear in an insurance policy which may be susceptible of two reasonable constructions, the one which is most favorable to the insured and which will give life to the policy should be adopted. The reason is that such provisions are inserted in blank forms prepared by the insurance company for its benefit in which the insured has no voice. *Importers' & Exporters' Ins. Co.* v. *Jones,* 166 Ark. 370, 266 S. W. 286; *Connecticut Fire Ins. Co.* v. *Boydstun,* 173 Ark. 437, 293 S. W. 730; *National Union Fire Ins. Co.* v. *Henry,* 181 Ark. 637, 27 S. W. (2d) 786; and *Ætna Life Ins. Co.* v. *Spencer,* 182 Ark. 496, 32 S. W. (2d) 310.

Indorsements on an insurance policy form a part of it, and the policy of insurance with the indorsements or riders thereon must be construed as a whole. *American Ind. Co.* v. *Hood,* 183 Ark. 266, 35 S. W. (2d) 353.

We therefore conclude that the policy of insurance did not become void by the commencement of foreclosure proceedings by the assignee of the mortgage executed by the insured to the Guthrie Mortgage Company.

Having decided that the company is liable under the terms of the policy, we now come to the question whether Crumb or Butts is entitled to recover. The clause which we have copied in our statement of facts provides that the policy shall be payable to John A. Guthrie Mortgage Company as its interest may appear. Crumb became assignee of the mortgage and notes which the mortgage was given to secure, and the mortgage company thereafter ceased doing business. The assignment of the mortgage does not transfer the contract of insurance, where the mortgage clause is not for the benefit of the assignee, but is limited to the mortgagee, and the assignee of the mortgage has no right of action at law as mortgagee

to recover for a fire loss. *Weinberger* v. *Agricultural Insurance Co.*, 8 N. J. 202, 76 Atl. 343; and *Newark Fire Ins. Co.* v. *Simmon Turk,* 6 Fed. (2d) 533, 43 A. L. R. 496. See also 14 R. C. L. 1114; and 41 C. J. 682.

The reason is that the clause of a policy providing for payment of indemnity to the mortgagee as his interest may appear is not an assignment of the policy. It creates an agreement between the insurer and the mortgagee binding even after the insured owner has alienated his property. It will be readily seen that an insurance company might be willing to make a contract of this kind with the mortgagee and not with an unknown person as his assignee.

An additional reason why Crumb may not recover is because the parties have expressly stipulated that A. R. Crumb is claiming as garnishee creditor and not under the mortgage clause or as assignee of the mortgage, and the parties must be bound by their agreement.

The most troublesome question in the case is whether or not the proceeds of insurance become substituted for the property itself, and that therefore the insured may claim it is exempt from the deficiency judgment. The property which was insured against loss by fire in the present case was the homestead of Butts, and the question is does the insurance money take the place under our execution laws of the property destroyed and like it also exempt and not liable to garnishment? It is claimed that this question is answered in the affirmative by the weight of authority. Be that as it may, we think such holding constitutes the better reasoning on the subject. Under our Constitution and statutes, the homestead of a debtor is exempt from execution and is not subject to the lien of a judgment except in certain specified instances, and the record in the present case does not show that the debt belongs to one of the excepted classes. It is the settled policy of this court that our homestead laws are remedial and should be liberally construed to effectuate the beneficent purposes for which they are intended. *Davis* v. *Neal,* 100 Ark. 399, 140 S. W. 278, L. R. A. 1916A, 999.

Not to allow the insurance money to take the place of the property destroyed and be exempt from liability for the debts of the owner would be a mere evasion perverting the object and spirit of the law. The homestead is exempt under the Constitution and statutes from the lien of a judgment in cases like this, and the owner may insure it to protect himself and family from loss. It is well settled that if a mortgagor insure the premises, without any contract with the mortgagee binding him to do so, he is entitled to the insurance in case of loss, and the mortgagee has no lien on it; and we think the insurance represents the property and is exempt from the claims of creditors. *Culbertson* v. *Cox,* 29 Minn. 309, 13 N. W. 177, 43 Am. Rep. 204, and cases cited; *Bernheim* v. *Davitt,* (Ky.) 5 S. W. 193; *Rulo* v. *Murphy,* (Ky.) 51 S. W. 312; *Houghton* v. *Lee,* 50 Cal. 101; *Chase* v. *Swayne,* 88 Tex. 218, 30 S. W. 1049, 53 A. S. R. 742; *Ellis* v. *Pratt City, Southern Ins. Co., Garnishee,* 111 Ala. 629, 20 So. 649, 33 L. R. A. 264, 56 Am. St. 76; and cases cited in a note to 45 A. S. R. at 238. See also 13 R. C. L. 585, and 29 C. J 839. These text writers and several of the cases above cited recognize that the weight of authority is in accord with the rule above announced.

In a case note to 45 A. S. R. at 238, it is claimed that those cases which hold that the proceeds of such an insurance policy is not within the homestead laws follow the letter and ignore the spirit of the law. The annotator calls attention to the object of the homestead laws which is to assure heads of a family the comfort and protection of a home. This object may be thwarted if the home may not be protected by insurance; and if, although so protected, when the home is destroyed, the family should be left without a house while the creditor is awarded the proceeds of the protection made by the debtor for his family. Hence, we hold that the better reasoning is that the proceeds of such an insurance policy take the place of the property itself, are substituted for it in fact, and cannot be reached in garnishment proceedings at the instance of a creditor in cases like this one.

We think this view is in accord with the decision in *Probst & Hilb* v. *Scott,* 31 Ark. 652. We call attention to the concluding language of the opinion, which is as follows: ''The property being exempt, it is but reasonable that the compensation for the loss, which represents the property, should also be exempt.'' The case of *Houghton* v. *Lee,* 50 Cal. 101, is cited in support of the holding. In that case the court expressly held that if a wife declared a homestead on common property and a husband procures a policy of insurance thereon, and the house is destroyed by fire, the sum due from the insurance company is not subject to garnishment by a judgment creditor of the husband.

Finally, it is contended on the part of Butts that the court erred in not allowing him attorney's fees and penalty under the statute. In this contention we think his counsel is correct. No issue was made at the trial of the right of the company to deduct the outstanding premium note. The company denied any liability under the policy. If it merely wished to be released from the responsibility of deciding which of the two claimants was entitled to the proceeds of the insurance policy, it should have made a deposit of the amount in the registry of the court and thus relieved itself of any further responsibility in the matter. *New York Life Ins. Co.* v. *Adams,* 151 Ark. 123, 235 S. W. 412; *Old Colony Life Ins. Co.* v. *Julian,* 175 Ark. 359, 299 S. W. 366.

The amount of the policy in the present case was $1,500, and we think $150 was a reasonable attorney's fee and should have been allowed by the court, and in addition the court should have allowed the statutory penalty of twelve per cent. In other respects, the decree of the lower court will be affirmed, and the clerk of this court will be directed to add the attorney's fee and statutory penalty as indicated in this opinion in favor of the defendant Butts against the insurance company.