SEABOARD FINANCE COMPANY, ET AL. *v.* WRIGHT, ADMX.

5-348                                    266 S. W. 2d 70

Opinion delivered March 22, 1954.

[Rehearing denied April 19, 1954.]

*Bailey & Warren* and *Bruce T. Bullion,* for appellants.

*U. A. Gentry,* for appellee and cross-appellant.

ED. F. McFADDIN, Justice.   This is a suit brought by appellee, as Administratrix of the Estate of John Watson, deceased, against Seaboard Finance Company (hereinafter called "Seaboard") and Old Republic Credit Life Insurance Company (hereinafter called "Old Republic") to recover the proceeds of a life insurance policy issued by Old Republic to Seaboard on the life of John Watson.   Old Republic pleaded payment; and Seaboard pleaded *res judicata.*   From a decree against Seaboard, it has appealed; and from a decree in favor of Old Republic, the Watson Estate has appealed.   We reverse as to Seaboard, and affirm as to Old Republic.

Seaboard is a corporation engaged in making loans, and Old Republic is a corporation engaged in issuing credit life insurance policies.   In November, 1951, John Watson, in borrowing money from Seaboard, executed his note for $1,242, payable $69 per month for eighteen months, and secured the note by a mortgage on his Packard automobile.   In order to obtain the loan, Watson was obligated to allow Seaboard to retain from the $1,242, not only large sums for interest and service charges, but also $37.26 as the premium on a credit life insurance policy for $1,242 issued by Old Republic and delivered to Seaboard.   The policy provided, among other things, that upon due proof of death of John Watson during the time of the Seaboard loan, Old Republic would "pay to said creditor, as irrevocable creditor beneficiary, the amount of insurance shown above, as its in-

terest may appear. Any balance remaining after payment of the debtor's indebtedness to the creditor beneficiary shall be paid to the estate of the debtor, as second beneficiary.''

Watson paid Seaboard a total of $60 on the note, and then on February 11, 1952, filed suit No. 93751 in the Pulaski Chancery Court[1] against Seaboard, seeking to cancel the note and mortgage on the claim of usury. Watson alleged that the retained interest, service charges and insurance premium made the entire transaction usurious. As regards the $37.26 premium on the credit life insurance policy, Watson alleged that Seaboard ''required the plaintiff to take a life insurance policy, the sole purpose of which was to increase defendant's receipts for the loan or forbearance of money. The defendant has some connection with the life insurance company in which the plaintiff was required to take out life insurance, by virtue of which the defendant receives a certain portion of the premiums, which is in addition to the interest and service charges included in said loan. The combined acts of the defendant, as heretofore stated, were for the purpose of charging and securing for itself more than 10% interest for the loan of money. The note and mortgage are, therefore, void, and defendant should be required to surrender the same for cancellation.''

Seaboard in its answer denied the usury charge, and claimed the transaction was legal and valid, and prayed for judgment and foreclosure of its mortgage. Then on July 7, 1952, while the suit was still pending, John Watson killed himself. Thereafter on July 21, 1952, the suit of John Watson against Seaboard was revived in the name of Mercer Burnside, as Special Administratrix. She was the sister of John Watson and no issue is here raised questioning the validity of the revivor action and the subsequent acts of the Special Administratrix. In fact, in the present suit it is stipulated: ''On the 21st

---

[1] This complaint was filed on February 11, 1952. It was not until May 19, 1952, that we decided the case of *Strickler* v. *State Auto Finance*, 220 Ark. 565, 249 S. W. 2d 307, and *Winston* v. *Personal Finance Co.*, 220 Ark. 580, 249 S. W. 2d 315, involving companies which, like Seaboard, w~re operating under Ac`, 203 of 1951.

354

of July, 1952, the Pulaski Chancery Court by order appointed the said Mercer Burnside special administratrix and revived that cause in her name. Thereafter, counsel for Seaboard advised counsel for the said Mercer Burnside, *et al.,* that the deceased, John Watson, had sufficient credit life insurance to pay off his indebtedness to Seaboard, owing at the time of his death, the entire premium for which Seaboard had remitted or paid to Old Republic out of the proceeds of this loan, and that the insurance company (Old Republic) had paid off Seaboard in full; and that because it had received full payment, Seaboard was ready and willing to deliver to the said Mercer Burnside the note and mortgage of John Watson, deceased, marked cancelled and satisfied, as well as any and all other documents pertaining to this loan. Thereafter by consent of the parties, Seaboard delivered said note and mortgage to the said Mercer Burnside, whereupon the Pulaski Chancery Court on the 25th day of August, 1952, entered an order dismissing with prejudice cause No. 93751.''

.The said order of dismissal with prejudice of said case No. 93751 in the Pulaski Chancery Court was made on August 25, 1952, and recites that the ''defendant delivered into the hands of the court the original note and mortgage herein involved, marked cancelled and satisfied, paid in full, and all other allied papers pertaining to this loan, which the Court delivered to the plaintiff as the proper party to receive same; and it now appearing that this cause has been satisfied in full, and no controversy remains to be determined between the parties: it is therefore considered, ordered, adjudged and decreed that this cause be and the same is hereby dismissed with prejudice.''

Thus Chancery Case No. 93751 was dismissed with prejudice; and we come now to the present suit. On April 30, 1953, Gertie Wright (mother of John Watson, deceased), filed this action in the Pulaski Circuit Court against Seaboard and Old Republic for $1,242, alleging: (a) that she was the Administratrix of the Estate of John Watson; (b) that when John Watson borrowed the

$1,242 from Seaboard, Old Republic issued a credit life insurance policy on Watson's life for $1,242; and (c) that Seaboard had collected the $1,242 from Old Republic but should not be allowed to keep the money because "the note and mortgage as aforesaid were usurious, void and unenforceable and by reason thereof Seaboard Finance Company had no interest as beneficiary under said insurance policy, the fact of such invalidity being well known to both the loan company and the insurance company." To this action (transferred to the Pulaski Chancery Court as Case No. 98049) Seaboard pleaded, *inter alia,* that the dismissal with prejudice of Case No. 93751 rendered the present suit *res judicata;* and Old Republic pleaded payment based on the delivery of $1,182 to Seaboard and the delivery of a check to Gertie Wright for $60 as the second beneficiary under the policy, since Watson had paid $60 on the $1,242 loan.

The present suit was tried in the Pulaski Chancery Court on stipulated facts as detailed herein, and resulted in a decree in favor of the Watson Estate and against Seaboard for $1,182, and against the Watson Estate in its claim against Old Republic. Seaboard appeals from the decree adverse to it, and the Watson Estate prosecutes an appeal against Old Republic.

I. *Seaboard's Appeal.* As heretofore stated, we hold that Seaboard's plea of *res judicata* should have been sustained. The Latin words *"res judicata" literally* translated into English mean "a thing adjudged"; and *freely* translated into English mean "the matter has already been decided." In *Mo. Pac.* v. *McGuire,* 205 Ark. 658, 169 S. W. 2d 872, we quoted from 30 Am. Jur. 908:

"Briefly stated, the doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction."

A dismissal of a cause of action *with prejudice* is a final adjudication on the merits within the rule of *res judicata*. See *Union Indemnity Co.* v. *Benton County Lbr. Co.*, 179 Ark. 752, 18 S. W. 2d 327; and *Shorten* v. *Brotherhood, etc.*, 182 Ark. 646, 32 S. W. 2d 304. In *Robertson* v. *Evans*, 180 Ark. 420, 21 S. W. 2d 610, we cited earlier cases to support this statement:

"The test in determining a plea of *res judicata* is not alone whether the matters presented in a subsequent suit were litigated in a former suit between the same parties, but whether such matters were necessarily within the issues and might have been litigated in the former suit."

Weighed by the holdings in the foregoing cases, it is clear that the usury suit of Watson against Seaboard (Chancery Case No. 93751) presented the issue of the insurance policy being a part of the transaction there claimed to be usurious, and that the settlement in that suit was after the Watson Estate had been fully advised that Seaboard had collected the insurance money and was therefore delivering the note and mortgage to the Watson Estate. We have previously copied the stipulation on this point. If the Watson Estate had intended to claim the insurance money from Seaboard, such a claim should have been made in the Chancery Case No. 93751. Instead, the Watson Estate dismissed that suit against Seaboard *with prejudice;* and that act prevents the Watson Estate from now claiming the insurance money from Seaboard, because there is no evidence here of any fraud practiced by Seaboard or its attorneys on the Watson Estate or its attorney in obtaining the said dismissal *with prejudice.* Therefore the decree of the Chancery Court in favor of the Watson Estate and against Seaboard is reversed and that cause of action is dismissed.

II. *The Appeal of the Watson Estate Against Old Republic.* At the time that Old Republic paid the $1,182 to Seaboard, there had been no adjudication that Seaboard's note and mortgage were void. Usury is a defense that must be pleaded and established. *Butts* v.

*Crumb,* 182 Ark. 286, 31 S. W. 2d 307; and *Bell* v. *Fergus,* 55 Ark. 536, 18 S. W. 931. So Old Republic paid the $1,182 to Seaboard in accordance with the policy. The Watson Estate knew of such payment when it agreed to the order of dismissal with prejudice and made no claim to such insurance money. The holding in cases like *Dunn* v. *Second National Bank,* 131 Tex. 198, 113 S. W. 2d 165, 115 A. L. R. 730, cannot apply here: because the Watson note to Seaboard has never been—in itself— judicially declared void because of usury, nor had it been *paid* by Watson's Estate at the time Old Republic delivered the $1,182 to Seaboard.

Before the filing of the present action, Old Republic had delivered to the Watson Estate a check for $60 as the balance due on the insurance policy, and it is stipulated that such check is still in the hands of Gertie Wright, Administratrix of the Estate. The check may still be cashed; and it is all that Old Republic owes to the Watson Estate. Therefore, the decree in favor of Old Republic is affirmed.